UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PHILLIP EFFLER            )
                          )
v.                        )          NO. 2:05-CV-159
                          )
JO ANNE B. BARNHARDT,     )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Phillip Effler has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Effler was born in 1960 and was 44 years old at the time of his second administrative hearing. [Tr. 316, 730]. He obtained his graduate equivalency diploma [GED] and has relevant past work experience as a construction laborer. [Tr. 269, 316]. Mr. Effler alleges he is disabled as of April 1, 1999, from headaches, loss of balance, and problems walking. [Tr. 269, 270]. Based upon a finding that his severe impairments were not severe enough, Administrative Law Judges [ALJ] have twice

found that Mr. Effler was not disabled as defined by the Social Security Act. [Tr. 272, 716].

At Mr. Effler's first administrative hearing held on May 20, 2002, the testimony of Mr. Effler and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 315-27]. Mr. Effler testified he was currently taking some college classes in welding, and he would like to eventually be a welder. [Tr. 316-17]. He indicated his past work was as a construction laborer. [Tr. 317]. Mr. Effler testified he injured his head in a 1991 alcohol-related vehicle accident. [Tr. 318]. He stated he had not been intoxicated since 1993. [*Id.*]. Since the accident, Mr. Effler has had memory and balance problems, high blood pressure, anxiety, depression, and headaches. [Tr. 318, 320-21]. He has full-custody of his eight-year-old son, and both of them live with Mr. Effler's parents. [Tr. 319]. As a result of the 1991 accident, Mr. Effler has a lot of lower back pain. [*Id.*]. When asked by the ALJ if he saw himself able to return to work one day, Mr. Effler testified that if he was given a job in which he did not have to interact with the public he could maybe work again in the future. [Tr. 320].

Vocational expert Dr. Norman Hankins testified next that Mr. Effler's past relevant work as a construction laborer was unskilled and heavy. [Tr. 323]. The ALJ then asked him to assume a man of Mr. Effler's height, weight, education, and work

2

background with a borderline intellect who was restricted to light work activity and must avoid hazardous work around dangerous machinery at unprotected heights. [Tr. 324]. Such a person also had an emotional disorder that gave him mild to moderate restrictions regarding his ability to perform work-related activities. [*Id.*]. According to the vocational expert, such a person could work as an office cleaner, dishwasher, off bearer, hand packer, and machine feeder/operator, *inter alia*. [Tr. 325].

The ALJ ruled on June 7, 2002, that Mr. Effler was not disabled because his severe impairment of borderline intellect was not severe enough for a finding of disability. [Tr. 272]. The ALJ then found Mr. Effler retained the residual functional capacity [RFC] to perform work-related activities, except for work involving highly skilled or complex tasks. [Tr. 274]. With those limitations, Mr. Effler could perform work he performed in the relevant past, namely as a construction laborer. [Tr. 272].

At Mr. Effler's second administrative hearing held on September 13, 2004, the testimony of Mr. Effler and vocational expert Donna Bardsley was received into evidence. [Tr. 726-51]. Mr. Effler testified he was no longer attending college. [Tr. 732]. He stated that he received Social Security benefits from 1991 until 1995 for a head injury from a vehicle accident. [Tr. 733]. Mr. Effler testified that he is now unable to work because of knee problems, shoulder and back pain, headaches, and fatigue. [Tr. 733-34]. He also has a generalized anxiety disorder, memory troubles,

3

and difficulty being around people. [Tr. 739-40, 742].

Vocational expert Donna Bardsley testified next that Mr. Effler's past relevant work as an iron worker and welder was skilled and heavy. [Tr. 744]. The ALJ then asked her to assume a man of Mr. Effler's age, education, and past relevant work who could lift/carry a maximum of 35 pounds occasionally, lift/carry a maximum of 20 pounds frequently, stand/walk for six hours out of an eight-hour workday, and sit for eight hours out of an eight-hour workday. [Tr. 745, 978-79]. According to the vocational expert, such a person could work as a hand packer, sorter, assembler, inspector, cashier, sales clerk, information clerk, order clerk, and ticker seller. [Tr. 745-46].

The ALJ ruled on October 15, 2004, that Mr. Effler was not disabled because his severe impairments of low back, neck, shoulder, leg, and knee pain and high borderline to low average intellect were not severe enough for a finding of disability. [Tr. 716]. The ALJ then found Mr. Effler retained the RFC to perform unskilled, light work. [Tr. 714]. With those limitations, Mr. Effler could perform work that exists in significant numbers in the national economy. [Tr. 716].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

4

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

At issue in this case are two decisions of the ALJ. The first decision was rendered on June 7, 2002, and the second was rendered on October 15, 2004. [Tr. 268-75, 705-17]. Mr. Effler requests summary judgment and challenges components of both decisions. Regarding the June 7, 2002, decision, Mr. Effler claims the June 2002 decision was in error because the ALJ failed to accord the proper weight to the opinion of his treating physician, Dr. Robert Spangler. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Spangler indicated in May 2000 that Mr. Effler had no useful ability to

5

function with the public, understand, remember and carry out detailed or complex job instructions, and demonstrate reliability. [Tr. 580-81]. Mr. Effler also had a fair ability to relate to co-workers, use judgment with the public, deal with work stresses, understand, remember, and carry out simple job instructions, and relate predictably in social situations. [*Id.*]. According to the ALJ, "there is absolutely no evidence in the record of [an] inability to deal with the public." [Tr. 273]. In addition, the ALJ noted that Mr. Effler's ability to concentrate and perform complex and detailed jobs was evidenced by his ability to earn a GED in 1999, attend college-level welding classes, and care for his small son. [*Id.*]. Also, Mr. Effler's ability to demonstrate reliability was shown through his significant work history. [*Id.*]. Finally, and most importantly, the ALJ noted that Dr. Spangler's May 2000 opinion was very different from the one he offered just three months earlier in February 2000. [*Id.*]. For example, in the February report, Dr. Spangler indicated that Mr. Effler was not significantly limited in his ability to persist and concentrate. [Tr. 475]. Three short months later, Dr. Spangler believed Mr. Effler's ability in those areas was between fair and none, and he offered no explanation for the drastic change. [Tr. 580]. Because Dr. Spangler's May 2000 assessment was divergent from the remainder of the evidence in the record--including an earlier assessment of his--and was unsupported, the ALJ was not required to accept it.

6

Finally, Mr. Effler asserts the June 2002 decision was in error because the ALJ incorrectly determined he had the RFC to perform work at all exertional levels. The medical evidence, however, fails to support exertional limitations. Mr. Effler has been found to walk normally and have no neuropathy. [Tr. 530]. In addition, his reflexes are normal and his ability to sense is intact. [*Id.*]. X-rays of Mr. Effler's back have only shown mild degenerative changes and examinations have indicated little neurological difficulties. [Tr. 376, 389, 470]. Because the evidence contained in the medical record does not support exertional limitations, the ALJ's determination was made with substantial evidence.

Regarding the October 15, 2004, decision, Mr. Effler contends the ALJ erred in rejecting the medical opinions of Dr. Steven Lawhon and his treating physician, Dr. J.W. Colinger. Dr. Lawhon performed a consultative psychological examination on Mr. Effler in May 2004. [Tr. 999-1002]. Part of his findings included that Mr. Effler was seriously limited in his ability to maintain attention and concentration. [Tr. 1004]. The ALJ rejected Dr. Lawhon's opinion because it was "clearly inconsistent with his evaluation, diagnoses, and opinion that [Mr. Effler] has 'satisfactory and more than satisfactory ability' in all the other occupational, performance, and personal/social adjustments." [Tr. 714]. The ALJ believed Dr. Lawhon based his opinion on Mr. Effler's IQ scores, which were invalid because of malingering and exaggeration. [*Id.*].

7

Because Dr. Lawhon's recommendations were internally inconsistent and unsupported, the ALJ's decision to reject them was made with substantial evidence.

Regarding the opinion of Dr. Colinger, the ALJ does not have to accept the opinion of a treating physician if the opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2). Dr. Colinger stated in August 2004 that Mr. Effler could occasionally lift a maximum of five to ten pounds up to one-third of an eight-hour workday and could frequently lift a maximum of five pounds from one-third to two-thirds of an eight-hour workday. [Tr. 970]. Mr. Effler could also only stand/walk for two hours out of an eight-hour workday and sit for four to six hours out of an eight-hour workday. [*Id.*]. Such restrictions would, according to the vocational expert, make employment impossible. [Tr. 746]. In addition, Dr. Colinger indicated Mr. Effler had a fair ability to deal with the public, deal with work stresses, maintain attention and concentration, and understand, remember, and carry out complex job instructions. [Tr. 968-69].

The ALJ noted that Dr. Colinger's opinions were "clearly inconsistent with his treatment notes." [Tr. 714]. For example, the ALJ cited that Dr. Colinger's treatment notes indicate conservative treatment with medications, as opposed to physical therapy

or surgery. [*Id.*]. In addition, Dr. Colinger attempted to support his opinions with the findings of Dr. W.R. Beaver. [Tr. 968-69]. However, Dr. Beaver's records demonstrate that Mr. Effler's shoulder impairment had resolved, and his records fail to indicate a limiting knee or back impairment. [Tr. 216-17, 908]. Because Dr. Colinger's findings were in conflict with other substantial evidence and were not supported by the medical evidence, the ALJ's dismissal of his opinion was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Effler's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 24] will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE